DLD-094                                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4120
_____

IN RE:  JASON SMART-EL,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 13-cv-00164)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 5, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 10, 2014)
_____

OPINION
_____

PER CURIAM

Jason Smart-El has filed a pro se petition for a writ of mandamus seeking to compel the

United States District Court for the District of New Jersey to take action on his pending motion

to vacate his sentence.  For the following reasons, we will deny the mandamus petition.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances.

<u>See</u> <u>In re Diet Drugs Prods. Liab. Litig.</u>, 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner

seeking the writ "must have no other adequate means to obtain the desired relief, and must

1

show that the right to issuance is clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).  Generally, a court's management of its docket is discretionary, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have a district court handle a case in a particular manner.  See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980) (per curiam).  That said, a writ of mandamus may issue where a district court's "undue delay is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

In January 2013, Smart-El filed a motion pursuant to 28 U.S.C. § 2255.  After receiving warnings pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999), Smart-El notified the District Court in May 2013 that he wished to proceed with his § 2255 motion "as filed." Smart-El filed the present mandamus petition on October 17, 2013, accurately noting that "no action[,] even in the form of a show cause order[,] has been" taken in the District Court since he responded to the Miller notice.  But, on November 12, 2013, the District Court directed the Government to file an answer within 30 days.  Given this recent activity, we cannot say that there has been a persistent delay "tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.  Accordingly, we will deny the mandamus petition.

2